■ PANASIA ESTATES, INC., Respondent, v HUDSON INSURANCE COMPANY, Appellant. [835 NYS2d 49]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered July 24, 2006, which granted defendant's motion for summary judgment only to the extent of precluding plaintiff from asserting any claims for legal fees incurred in the prosecution of this action, unanimously affirmed, with costs.

An insured may recover foreseeable damages, beyond the limits of its policy, for breach of a duty to investigate, bargain for and settle claims in good faith (*Acquista v New York Life Ins. Co.*, 285 AD2d 73 [2001]). The court's denial of defendant's application to dismiss plaintiff's claims for consequential damages from the alleged breach of such a duty was proper. Defendant has not shown that the proffered exclusion for "consequential loss" was an applicable provision under this policy. "Consequential loss" and "consequential damages" are not synonymous, as suggested by defendant.

We have considered defendant's remaining arguments and find them without merit. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.